# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
### SPRINGFIELD DIVISION

| | |
|---|---|
| ANTHONY PRINCE, Individually and for Others Similarly Situated, | Case No. |
| v. | |
| DRD SERVICES, LLC | |

## ORIGINAL COMPLAINT

### SUMMARY

1.      William Prince (Prince) brings this Fair Labor Standards Act (FLSA) lawsuit to recover the unpaid overtime wages and other damages owed to him by DRD Services, LLC (DRD).

2.      DRD provides immediate response to municipal, county and state governments affected by disasters including hurricanes, fires, earthquakes, tornadoes, and ice storms.[1]

3.      Prince and the other laborers regularly work more than 40 hours in a week.

4.      But DRD does not pay them overtime for hours worked in excess of 40 hours in a single workweek.

5.      Instead of paying overtime, DRD paid Prince a daily rate with no overtime compensation.

### JURISDICTION AND VENUE

6.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

7.      Venue is proper in this Court because DRD is headquartered in Joplin, Missouri, located in this District and Division.

---

[1] https://www.drddisasterservices.com/ (last visited June 5, 2019).

## THE PARTIES

8.      Prince worked for DRD from roughly January of 2017 until December of 2018 as an operator/groundsman.

9.      Throughout his employment with DRD, Prince was paid a day-rate with no overtime compensation.

10.     Prince's day-rate was $150.00 per day.

11.     Prince's consent to be a party plaintiff is attached as <u>Exhibit A</u>.

12.     Prince brings this action on behalf of himself and all other similarly situated workers who were paid by DRD's day-rate system.

13.     DRD paid each of these workers a flat amount for each day worked and failed to pay them overtime for hours worked in excess of 40 hours in a workweek.

14.     The class of similarly situated employees or putative class members sought to be certified is defined as follows:

>       **All employees of DRD Services, LLC who were paid a day-rate**
>       **with no overtime in the past 3 years ("Putative Class Members").**

15.     DRD Services, LLC is a Missouri Limited Liability Company headquartered in Joplin, Missouri and does business throughout the United States.

16.     DRD may be served through its registered agent, David Johnson, 5467 South Highway 43, Joplin, Missouri 64804.

## COVERAGE UNDER THE FLSA

17.     At all times hereinafter mentioned, DRD has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

18.     At all times hereinafter mentioned, DRD has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

19.     At all times hereinafter mentioned, DRD has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce - such as debris removal equipment, hand tools, computers, automobiles, and cell phones - by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $750,000 (exclusive of excise taxes at the retail level which are separately stated).

20.     At all times hereinafter mentioned, Prince and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## FACTS

21.     DRD provides disaster recovery services and debris removal.

22.     To provide its services, DRD hires personnel (like Prince) to perform work.

23.     Many of these individuals worked for DRD on a day-rate basis and make up the proposed Putative Class.

24.     While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

25.     DRD paid the Putative Class Members a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

26.     For example, Prince worked for DRD from January of 2017 until December of 2018.

27.     Throughout his employment with DRD, he was paid on a day-rate basis.

28.     Prince and the Putative Class Members normally worked 10 to 12 hours a day.

29.     DRD never guaranteed Prince and the Putative Class Members a salary.

3

30.     DRD never paid Prince or the Putative Class Members on a salary basis.

31.     The Putative Class Members worked hours similar to Prince's.

32.     The Putative Class Members were denied overtime by the same illegal pay practice (DRD's day-rate pay plan) that resulted in Prince being denied overtime wages.

33.     DRD's policy of failing to pay its employees, including Prince, overtime violates the FLSA because these workers are performing non-exempt job duties.

34.     It is undisputed that Prince and the Putative Class Members are operating machinery, performing manual labor, and working long hours outside.

35.     DRD's day-rate system violates the FLSA because Prince and the Putative Class Members did not receive any overtime pay for hours worked over 40 hours each week.

## FLSA VIOLATIONS

36.     As set forth herein, DRD has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess 40 hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

37.     DRD knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Class Members overtime compensation.

38.     DRD's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

39.     Accordingly, Prince and the Putative Class Members are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

4

## COLLECTIVE ACTION ALLEGATIONS

40. Prince incorporates all previous paragraphs and alleges that the illegal pay practices DRD imposed on Prince were likewise imposed on the Putative Class Members.

41. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

42. Numerous other individuals who worked with Prince indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

43. Based on his experiences and tenure with DRD, Prince is aware that DRD's illegal practices were imposed on the Putative Class Members.

44. The Putative Class Members were all not afforded the overtime compensation when they worked in excess of 40 hours per week.

45. DRD's failure to pay wages and overtime compensation at the rates required by law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

46. Prince's experiences are therefore typical of the experiences of the Putative Class Members.

47. The specific job titles or precise job locations of the Putative Class Members do not prevent collective treatment.

48. Prince has no interests contrary to, or in conflict with, the Putative Class Members.

49. Like each Putative Class Member, Prince has an interest in obtaining the unpaid overtime wages owed to him under state and/or federal law.

50. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

51.     Absent this action, many Putative Class Members likely will not obtain redress of their injuries and DRD will reap the unjust benefits of violating the FLSA.

52.     Furthermore, even if some of the Putative Class Members could afford individual litigation against DRD, it would be unduly burdensome to the judicial system.

53.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

54.     Prince's claims are typical of the claims of the Putative Class Members. Prince and the Putative Class Members sustained damages arising out of DRD's illegal and uniform employment policy.

55.     Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts.

56.     Therefore, this issue does not preclude collective action treatment.

## JURY DEMAND

57.     Prince demands a trial by jury.

## RELIEF SOUGHT

58.     WHEREFORE, Prince prays for judgment against DRD as follows:

a.     An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to the Putative Class Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.     For an Order pursuant to Section 16(b) of the FLSA finding DRD liable for unpaid back wages due to Prince and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

6

c.  For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

d.  For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ Eric L. Dirks
    Eric L. Dirks, MO Bar No. 54921
    Williams Dirks Dameron, LLC
    1100 Main Street, Suite 2600
    Kansas City, Missouri 64105
    816-945-7110 – Telephone
    816-945-7118 – Facsimile
    dirks@williamsdirks.com

    **AND**

    Richard J. (Rex) Burch
    Texas Bar No. 24001807
    *(pending pro hac vice)*
    **BRUCKNER BURCH, PLLC**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **AND**

    Andrew W. Dunlap
    Texas Bar No. 24078444
    *(pending pro hac vice)*
    Richard M. Schreiber
    Texas Bar No. 24056278
    *(pending pro hac vice)*
    **JOSEPHSON DUNLAP, LLP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    adunlap@mybackwages.com
    rschreiber@mybackwages.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

7